UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN THOMAS,

        Plaintiff,

v.

        Case No. 15-11261
        HON. TERRENCE G. BERG

WILLIAM H. HACKEL, III,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff John Thomas, a Michigan prisoner, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 asserting that Defendant, Macomb County District Judge William H. Hackel, III, violated his due process rights (due to an alleged 180-day rule violation) during his state criminal proceedings. (Dkt. 1.) Plaintiff alleges that Defendant arraigned him on the charge of being a prisoner in possession of a weapon 194 days after the prosecutor allegedly received notice of Plaintiff's incarceration. (*Id.* at ¶ 10.) Plaintiff sues Defendant in his individual capacity and seeks a declaratory ruling that Defendant acted improperly, as well as compensatory and punitive monetary damages. (*Id.* at p. 4.) Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. *See* 28 U.S.C. § 1915(a)(1).

### I.    ANALYSIS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a federal court is

required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

A federal court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,

2

678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

Plaintiff's complaint concerns the validity of his state criminal proceedings. It is thus subject to summary dismissal for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), but not the validity of continued confinement. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called

3

into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.

Plaintiff's claims concerns the validity of his state criminal proceedings. If he were to prevail on those claims, his conviction(s), sentence, and continued confinement would be called into question. Consequently, his complaint is barred by *Heck* and must be dismissed for failure to state a claim upon which relief may be granted under § 1983.

Plaintiff's complaint against Defendant, who is sued in his individual capacity, is also subject to dismissal based upon absolute judicial immunity. Judges are entitled to absolute judicial immunity on claims for monetary damages under 42 U.S.C. § 1983. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction); *Bush v.*

*Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).[1] Plaintiff's claims against Defendant concern the performance of his judicial duties in state court. As such, Defendant is entitled to absolute judicial immunity. Plaintiff's complaint must therefore be dismissed.

## II.   CONCLUSION

Plaintiff fails to state a claim upon which relief may be granted in his complaint and Defendant is entitled to absolute judicial immunity. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court also concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED.**

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated:  May 27, 2015

### Certificate of Service

I hereby certify that this Order was electronically submitted on May 27, 2015, using the CM/ECF system, which will send notification to each party.

By:  s/A. Chubb<br>
Case Manager

---

[1] The Court notes that the 1996 amendments to 42 U.S.C. § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006).