UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN THOMAS,

        Plaintiff,

                                              Case No. 15-11261
v.                                           HON. TERRENCE G. BERG

WILLIAM H. HACKEL, III,

        Defendant.
_____/

**ORDER GRANTING MOTION FOR RECONSIDERATION (DKT. 7)**
**BUT AFFIRMING THE COURT'S DISMISSAL OF THE COMPLAINT**

This matter is before the Court on Plaintiff John Tomas' motion for reconsideration (Dkt. 7) of the Court's order dismissing his 42 U.S.C. § 1983 civil rights complaint on grounds that it failed to state a claim upon which relief may be granted and because Defendant William H. Hackel, III, a Michigan state court judge, was entitled to judicial immunity (Dkt. 5, p. 5). Plaintiff asserts that the Court erred in dismissing the Complaint under *Heck v. Humphrey*, 512 U.S. 477 (1994), and erred in finding that Defendant is entitled to absolute judicial immunity.

Regarding *Heck*, Plaintiff asserts that the Court erred in dismissing his Complaint because that case pertains to challenges to the validity of a criminal judgment of conviction, while Plaintiff here is making a speedy trial claim under the 180-day rule that pertains to *pending* criminal charges, not the convictions for

which he is presently incarcerated. This fact was unclear from his original complaint. Given this information, however, the Court finds that reconsideration is necessary to properly resolve this matter. Accordingly, the Court **GRANTS** Plaintiff's motion for reconsideration as to whether the Complaint should have been dismissed for failure to state a claim under the *Heck* case. Because *Heck* does not apply to Plaintiff's situation, that rationale of the court's order of dismissal was in error and reconsideration is **GRANTED**. Upon reconsideration, however, the Complaint nevertheless remains subject to dismissal upon the alternative ground of judicial immunity stated in the Order, and consequently the order dismissing the Complaint will be **AFFIRMED.**

In his motion for reconsideration, Plaintiff asserts that *Heck* does not bar his claim because he is not challenging the validity of a criminal judgment. (Dkt. 7, ¶ 5.) Instead, Plaintiff clarifies that the basis of his Complaint is that he "is still facing unlawful criminal charges because Defendant arraigned him despite lacking jurisdiction to do so." (*Id.*) According to Plaintiff, "success in this action would not invalidate [his] confinement or its duration," but would instead "prevent an invalid judgment from ever occurring." (*Id.* at ¶ 6.)

Because Plaintiff's Complaint concerns pending criminal charges, Plaintiff appears to be correct that it was error for the Court to dismiss the Complaint under the authority of the *Heck* decision. Plaintiff's claim relates to currently pending criminal charges, and *Heck* applies to claims challenging existing convictions, rather than pending criminal charges. *See Wallace v. Kato*, 549 U.S. 384, 393-94

2

(2007) (stating that civil rights claims related to rulings that will likely be made in pending or anticipated state criminal trials are not ripe for review and indicating that a federal court should abstain from hearing such claims until after the resolution of the state criminal proceedings).

However, having reconsidered its incorrect application of the *Heck* decision, the Court must address the question whether the dismissal of the Complaint was nonetheless appropriate because the Defendant was entitled to judicial immunity. The Court finds that it was. Plaintiff argues that Defendant is not immune from personal liability because Defendant was made aware that, according to Plaintiff, jurisdiction was lacking because of a 180-day rule violation. (*See* Dkt. 5, ¶¶ 7-9.) Even so, Defendant, as a state court judge, is entitled to absolute judicial immunity for his actions (relative to the speedy trial claim) in Plaintiff's pending state criminal prosecution. Jurisdiction is construed broadly for purposes of determining judicial immunity such that the defendant judge is entitled to absolute immunity from liability under § 1983. *See Mireles v. Waco*, 502 U.S. 9, 11-13 (1991) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously or corruptly or in excess of jurisdiction); *Stump v. Sparkman*, 435 U.S. 349, 355-60 (1978); *Bright v. Gallia Cty, Ohio*, 753 F.3d 639, 649-50 (6th Cir. 2014); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Here, there is no question that the judge had jurisdiction over the legal issue presented.

Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in

3

any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006). Plaintiff does not allege any facts to show that a declaratory decree was violated or that declaratory relief is unavailable. Defendant is thus entitled to immunity and the Court did not err in dismissing the Complaint on such a basis. Accordingly, the Court **AFFIRMS** its prior dismissal of Plaintiff's Complaint. This case remains closed.

    **SO ORDERED.**

s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated: June 30, 2015

## Certificate of Service

I hereby certify that this Order was electronically submitted on June 30, 2015, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb  
Case Manager

4